UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARASKEVE HIOUTAKOS, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SIMPLEXGRINNELL LP,**<br><br>Defendant. | Civ. No. 2:10-4505 (KM-MCA)<br><br>**OPINION & ORDER** |

**MCNULTY, U.S.D.J.:**

### BACKGROUND

This matter comes before the Court upon the motion of Plaintiffs, Paraskeve Hioutakos, et al. (Docket No. 76), and the cross-motion of Defendant SimplexGrinnell (Docket No. 77), to appeal certain Orders of Magistrate Judge Madeline C. Arleo. The Orders, in response to Plaintiffs' post-deposition revision of the report of their expert, taxed Plaintiffs with the cost of expert fees, and allowed Defendant to re-depose Plaintiffs' expert and file a rebuttal expert report (Docket Nos. 74, 75). The appeals concern only the monetary sanction.

Plaintiffs' damages expert, Dr. Louis Lanier, PhD, underwent a deposition, which exposed certain flaws in his methodology. Thereafter, without seeking leave, Plaintiffs served a new expert report (the "Revised Report"), which sought to correct or minimize those flaws. (Docket No. 54-1 at 6-7). On June 17, 2013, Magistrate Judge Arleo heard arguments on the motion of Defendant SimplexGrinnell to strike the revised expert report of Dr. Lanier. *See* Docket No. 54; Minute Entry dated June, 17, 2013. At the June 17 hearing, Judge Arleo presented Plaintiffs with two options: (1) withdraw the Revised Report and rely upon Dr. Lanier's original report, or (2) rely on the Revised Report but reimburse Defendant for the reasonable attorney's fees and costs incurred to prepare for Dr. Lanier's deposition and generate a rebuttal to the original report. Tr. (Docket No. 71) at 25-26. Plaintiffs' counsel elected to rely on the Revised Report, thus incurring the monetary sanction. *Id.* at 26.

In their motion to strike the Revised Report, Defendant first calculated their efforts as totaling $121,330, comprising $37,830 in attorney's fees and $83,500 in expert fees. (Docket No. 54-1 at 17 n.5). Defendant then submitted a certification increasing the expert fee component to $92,348.50, to reflect an additional invoice.[1] (Docket No. 68 at ¶¶ 6, 9, 10). After considering the Parties' submissions, Judge Arleo sanctioned the Plaintiffs in the amount of $92,348.50 (*i.e.*, the expert fee only, not the attorney's fees). *See* Docket No. 74 at 3; Docket No. 75.

Plaintiffs now appeal, challenging both the appropriateness of the monetary sanction and its amount. (Docket No. 76-1 at 13). Defendant cross-appeals from Judge Arleo's decision to exclude the requested attorney's fees from the sanction amount. (Docket No. 77).

The Court affords respectful consideration to Judge Arleo's August 29, 2013 Orders sanctioning Plaintiffs for expert fees incurred in relation to Dr. Lanier's deposition and Defendant's rebuttal of the original report. Pursuant to Federal Rule of Civil Procedure 72(a), which governs appeals from a magistrate judge's order on non-dispositive matters, "a district court may reverse a magistrate judge's determination of a non-dispositive motion only if it is 'clearly erroneous or contrary to law.'" *See also* L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Group*, 975 F.2d 81, 92 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir.1986). A magistrate judge's ruling concerning discovery, including sanctions, is non-dispositive and will thus will generally be set aside only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wachtel v. Guardian Life Ins. Co.*, 232 F.R.D. 213, 217 (D.N.J. 2005) (internal citations and quotation omitted). Where a Magistrate Judge has exercised discretion, the District Court will reverse the decision only for an abuse of that discretion. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). Such deference is "especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citing *Public Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1525, 1547

---

[1]  Defendant's certification upped the total to $144,032.050, reflecting an additional invoice from its expert. Defendant nevertheless continued to seek only $121,333.000—the amount originally stated in its motion papers. *Id.* ¶ 11.

(D.N.J.1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir.1995)).

The standard of review, however, is not outcome-determinative here. I am persuaded by, and I adopt, Judge Arleo's well-reasoned and balanced decision.

## DISCUSSION

### 1. Appropriateness of the sanctions

As to the appropriateness of sanctions, it is clear that Plaintiffs' submission of a new and untimely report without leave of the Court violated Judge Arleo's Scheduling Order. And discovery sanctions, including the payment of expenses, may be imposed pursuant to Fed. R. 16(f) and 37(b)(2)(C) for failure to obey a scheduling or pretrial order. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984). Where one party has violated a court order and delayed proceedings, awarding the excess costs caused by that conduct to the innocent party may restore the balance of equity between the parties. *See id.*

Plaintiffs respond that the Revised Report was appropriate, and indeed that it was *required* by Rule 26. (Docket No. 72 at 2). True, Rule 26(e) does impose an ongoing ethical obligation to correct erroneous or incomplete information in an expert report.[2] Judge Arleo ruled, however, that the revisions to this report far exceeded the bounds of such supplementation or correction. The Revised Report did not merely disclose a factual error or supplement an omission, as is counsel's obligation. Rather, the Revised Report substantially changed and reworked the methodology and analysis of the original report in response to the weaknesses pointed out at the deposition. Tr. at 6, 16.

I therefore agree with Judge Arleo that this conduct was sanctionable.

### 2. Amount of the sanctions

I turn to the amount of the sanction, which, in this context, represents not so much punishment as a kind of cost-shifting. Judge Arleo was guided by the principle that Defendants should be compensated for what Plaintiffs'

---

[2] Fed. R. Civ. P. 26(e)(1)(A) and 26(e)(2) require an expert report to be corrected or supplemented "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

3

belated revision of the expert report conduct cost them. The monetary sanction awarded represented the total "reasonable expert costs" associated with the preparation for Dr. Lanier's deposition and of the rebuttal to the original report, which is now inoperative. (Docket No. 74 at 3). Judge Arleo opted not to award the cost of attorney's fees, however, because the defense counsel billed the Defendant on a flat-fee basis and thus did not incur any additional attorney's fees for this work. *Id.* Thus neither side is entirely happy.

Here, Judge Arleo reasonably concluded that the appropriate sanction was limited to Defendant's expert costs accrued in relation to Dr. Lanier's original expert report and deposition. It lay well within her sound discretion to deny attorney's fees. While such fees may often be appropriate, in this case Defendant's counsel undertook the representation for a flat fee; time was perhaps wasted, but no additional fees were incurred. Judge Arleo therefore permissibly limited her assessment of excess costs to expert fees in connection with the original deposition and the original rebuttal report.[3]

Plaintiffs have minimal reason to complain. Judge Arleo imposed this sanction only in the event that Plaintiffs opted to set aside their original report and use the Revised Report. Tr. at 26; Docket No. 74 at 1. Plaintiffs took the Revised Report option; had they not done so, they would owe nothing at all. *Id.* What Plaintiffs seek to do here is to reap the benefit of a somewhat generous ruling while dispensing with the cost.

I note that Plaintiffs have filed a motion before Judge Arleo for leave to file a second revised expert report after Dr. Lanier was deposed a second time. (Docket No. 90). I have not reviewed this motion and take no position on it; for all I know, it may be entirely appropriate. Improvement of an expert report can only aid the search for truth, but a party cannot indefinitely impose the cost of such improvements on its adversary. And I will state that counsel's duty under Fed. R. Civ. P. 26(e)(2) to correct materially incomplete or erroneous information should not be misused to circumvent deadlines or turn an expert report into a moving target.

---

[3] The cases cited by Defendant in its cross-appeal brief refer to the award of total attorney's fees after settlement or judgment, and thus are not directly on point here. (Docket No. 77-1 at 3-4). The focus of this discovery sanction, as Judge Arleo noted, is to roughly restore the parties to the position they would have been in but for Plaintiffs' submission of a second, substantially different report. *See* Docket No. 74 at 2.

## ORDER

Accordingly, it is hereby **ORDERED** that Judge Arleo's Orders imposing a sanction of $92,348.50 on Plaintiffs (Docket Nos. 74, 75) are **AFFIRMED**.


Dated:  March 26, 2014

_____
**Hon. Kevin McNulty**
**United States District Judge**